## SUPERIOR COURT OF BALTIMORE CITY.

Filed September 25, 1908.

RAYMOND P. BANKARD
VS.
THE MARYLAND SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS.

*D. N. Henning* and *Wells & Wells* for plaintiff.

*Armstrong Thomas* for defendant.

HARLAN, J.—

This cause coming up for hearing on demurrer to the whole declaration, the defendant, at the hearing, asked and obtained leave to demur as well to each of the three counts of the declaration. If there is one good count in the declaration, of course the demurrer to the whole declaration cannot be sustained.

The objections urged are, first, that each count combines an action of case and an action of trespass; and, second, that each count alleges damages for mental suffering, which damages, it is said, are not allowable and cannot be recovered under the facts set forth as constituting the cause of action.

So far as the second objection is concerned, it is sufficient to say, that the statement of damages is not confined to mental suffering, and conceding, without deciding, that the plaintiff has alleged some damages which cannot be recovered, while alleging at the same time damages which are a proper subject of recovery, if the facts alleged are admitted to be true, as they are for the purpose of disposing of the demurrer, this would not make the declaration bad.

Turning, then, to the first objection, that each count combines trespass and case, it may be noted it would be no objection to the declaration as a whole that one count was in trespass, and another or others in case.

Poe on Pleading, 4 Ed., Sec. 285.

But a careful reading and consideration of the three counts in this declaration leads me to the conclusion that each of the counts is in case, and that they are not open to the objection stated.

The only one as to which, it seems, there can be any question, is the first, and while this may be said to allege the use of force, it does not contain the time-honored words, "with force and arms," or "against the peace;" and, as the injury for which recovery is sought is consequential rather than direct and immediate, it may properly be designated as a count in case.

Even if it could be designated as a count in trespass, it would not be fatally bad on demurrer because merely of the fact that, in addition to the immediate injury, there was subjoined a *per quod* for the consequential damages.

As is said by Mr. Poe in his work on Pleading, 4th Ed., Sec. 161, case is a concurrent remedy with trespass "even in cases where" the injury is "both im-

mediate and wilful, if the gist of the action is not the direct but the consequential damages resulting therefrom. Indeed it is declared by Blackstone, J., that every action of trespass with a *per quod* includes an action on the case. The plaintiff may bring trespass for the immediate injury and subjoin a *per quod* for the consequential damages, or he may bring case for the consequential damages and pass over the immediate trespass, as in the case in 11 Md. 180."

I can see no valid objection to the first and second counts on either of the grounds that have been urged against them, nor does any other occur to me, except that, while there is a statement of damages having been suffered in each, there is no claim for damages in either of these counts. The only claim for damages in the narr. is at the end of the third count, and is not, as typewritten or punctuated, a general claim for damages, which can be held applicable to any other count in the declaration than the third.

This is, of course, curable by amendment, and, while I must sustain the demurrer to the first and second counts by reason of their being no claim for damages applicable to either of them, this will be done with leave to amend, so that this inadvertent omission may be supplied.

The third count in the declaration is as follows: "And for that the plaintiff, at the time of the wrong and injury herein complained of, was a resident of Westminster, Maryland, and was the owner of a certain animal, to wit, a horse, of the value of one hundred and fifty dollars, which he then had, in his custody, care and possession stabled upon his premises, and that the defendant, on the 6th day of January, A. D. 1908, sent its officer, agent and servant, from the City of Baltimore, Maryland, to the dwelling place of the plaintiff aforesaid, in Westminster aforesaid, and that said officer and agent and servant of the defendant found the said horse at the dwelling place of the plaintiff, sick, and acting under the direction of the defendant, then and there, informed the plaintiff, that said horse had to be killed by said servant, and further falsely and deceitfully stated, that it was the duty of the plaintiff under the law to sign a paper, authorizing the defendant to kill said horse,

and that thereupon, the plaintiff, protesting against the killing of the said horse, but, nevertheless, relying upon the said false statements, and pretended lawful authority of the defendant through his said agent to require the plaintiff to sign said paper permitting the killing of said horse by said servant and agent of the defendant, and under the inducements of said servant and agent, thereupon *signed* said paper, authorizing the killing of said horse, that thereupon the defendant's said servant and agent with a pistol loaded with powder and bullet, negligently, carelessly and inhumanely shot and fatally wounded, then and there, said horse, but did not kill the same, and immediately thereupon left the place of said shooting and returned to the said city of Baltimore, that said horse by and from the *effect* of said shooting and wounding lingered and lived for more than four hours from and after the time of said shooting and wounding of it, in great agony and suffering, that afterwards, plaintiff in order to end its said suffering and agony was compelled to and did kill the said horse, by reason of which said shooting of said horse, by the defendant, its agent and servant, in the manner and means aforesaid the plaintiff suffered a total loss of his said horse, was put to great expense and labor, in and about the shooting of said horse, and suffered great pain and distress of body and mind thereby, and the plaintiff claims therefor $2,000 damages."

This count is not bad on account of the objections which have been urged against it, but when it is considered, it will be seen that it contains a distinct admission that the plaintiff consented in writing to the act which caused the injuries complained of, and, to avoid the legal effect of this consent, as expressed in the maxim *volenti non fit injuria*, it is sought to be shown that this consent was obtained by fraud.

When, however, the allegations of fraud are examined, it appears that no false representation of any existing fact is alleged, but only that it was "falsely and deceitfully stated, that it was the duty of the plaintiff under the law to sign a paper, authorizing the defendant to kill said horse."

The law upon the subject of misrepresentations as to the law is thus stated by a late writer:

"A misrepresentation as to the matter of law does not ordinarily constitute fraud, nor can a fraudulent misrepresentation of the effects of law upon a given state of facts ordinarily afford any relief or any defense to an action. Nor can fraud be predicated or representation as to the legal effect of written instruments. Ignorance of law is no excuse, and the expressions of opinion by interested persons cannot, though subsequently shown to be groundless or false, be regarded as misrepresentations."

Smith's Law of Fraud (1907), Section 14.

"An agent's opinion of another's legal rights, however strongly stated, is not misrepresentation amounting to fraud."

Aetna Ins. Co. vs. Reed, 33 Ohio St. 283.

The plaintiff then, having failed to allege any fraud which, in law, is sufficient to avoid legal effect of his own consent to the act complained of, which is distinctly stated and admitted, has not stated a cause of action in this count of the declaration, and the demurrer thereto will be sustained.

I shall accordingly direct the clerk to enter the demurrer to the first and second counts sustained, with leave to amend, and demurrer to the third count sustained.